UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TISHA SHAW, on Behalf of Herself and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>V.<br><br>**A&C PRIVATE HOME CARE, LLC,**<br><br>**Defendant.** | **CIVIL ACTION NO. _____**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Defendant, A&C Private Home Care, LLC (referred to hereinafter as "Defendant"), failed to pay Plaintiff and its other domestic care workers (a/k/a "Caregivers") overtime wages when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Specifically, Defendant paid Plaintiff and its Caregivers "straight time" for all hours worked including hours worked over forty in a workweek. Furthermore, Defendant misclassified its Caregivers as independent contractors, despite treating them as employees for all purposes except for paying them overtime at the federally mandated premium rate. As a result, Defendant

1

violates the overtime wage provisions of the FLSA.

2. Defendant also failed to pay Plaintiff and its other Caregivers for *all* hours worked.

Specifically, Defendant failed to pay Plaintiff and its other Caregivers for the time spent driving between clients' homes, picking up supplies, travelling to and from the office to submit required forms and paperwork, and other company required duties as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. As a result, Defendant violates the minimum and overtime wage provisions of the FLSA.

3. Plaintiff and the similarly situated workers she seeks to represent, are current and former hourly paid Caregivers classified as independent contractors who worked for Defendant for any work week during the period of three years prior to the Court conditionally certifying a collective action to the present ("the Class Members").

4. Defendant's time-keeping and pay practices and policies applied not only to Plaintiff, but also to all of the Class Members. Therefore, Plaintiff brings this suit on behalf of herself and all other similarly situated domestic service employees.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction of this action under 28

U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards, Act, 29 U.S.C. § 216(b).

6.      Venue is proper in the Northern District of Georgia – Atlanta Division under 28 U.S.C.

§ 1391 because a substantial part of the acts and conduct charged herein occurred in this district and because Defendant is headquartered in this District.

## THE PARTIES

7.      Plaintiff lives in the Northern District of Georgia. Plaintiff was employed by Defendant from approximately July 2021 to November 2021 as a Caregiver. Her written consent is attached hereto as Exhibit 1.

8.      The Class Members consists of all current and former hourly paid Caregivers classified as independent contractors who worked for Defendant for any work week during the period of three years prior to the Court conditionally certifying a collective action to the present.

9.      A&C Private Home Care, LLC is a Georgia limited liability company who may be served with citation through its registered agent for service: Angela C. Agwunobi, at 5855 Jimmy Carter Blvd., Suite 260, Norcross, Ga., 30071.

## FLSA COVERAGE

10.     At all times relevant to this dispute, Defendant has been an enterprise

within the meaning of the FLSA. 29 U.S.C. § 203(r).

11. At all times relevant to this dispute, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

12. At all times relevant to this dispute, Defendant has had gross annual sales in excess of $500,000.

13. At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

14. Defendant provides home care services to elderly and/or invalid clients.[1] To do that, Defendant employs a class of workers called "Caregivers" who offer assistance to clients with one or more of the following services: bathing, grooming, toileting, transfer/ambulation, exercise regimens, medication administration, feeding, meal preparation, cleaning, laundry, shopping and escort.

15. Plaintiff was hired to work as a Caregiver for Defendant. Defendant classified Plaintiff as an independent contractor despite treating her as an employee. Specifically, Defendant controlled Plaintiff's conditions of employment, including her pay rate, as well as the policies and procedures that

---

[1] https://www.acprivatehomecare.com/ (last visited on 1/31/2022).


she and the other Class Members were required to follow.

16. Plaintiff's primary duties as Caregiver were all performed at the private homes of Defendant's clients. Plaintiff did not live with any of Defendant's clients.

17. Defendant paid Plaintiff an hourly wage. Plaintiff was paid $14 per hour.

18. Defendant paid all of its Caregivers an hourly wage.

19. Defendant misclassified all of its Caregivers as independent contractors.

20. As a Caregiver, Plaintiff routinely worked more than forty (40) hours per workweek. Specifically, on average, Plaintiff worked 56 hours per week.

21. Plaintiff and the Class Members were at all times "non-exempt" employees who were paid an hourly wage for all hours worked including hours worked over forty in a workweek (i.e., "straight time pay"), and who were eligible to receive overtime pay pursuant to Section 207 of the FLSA. Despite this fact, Defendant failed to pay Plaintiff and the other Class Members overtime wages calculated at one and one half times their regular rate of pay for all hours worked in excess of forty (40) during a workweek.

22. In addition, Plaintiff and the Class Members were not paid for *all* of the hours they worked each day as a direct result of Defendant's time-keeping and wage policies. Specifically, Defendant's time-keeping and wage policies

paid Caregivers only for the time they spent at a client's home. Defendant's policies did not pay Caregivers for the time spent driving between clients' homes. Nor did Defendant's policies pay Caregivers for the time spent driving to Defendant's office in order to sign forms and fill out documentation, pick up client acknowledgment forms, etc.

23. Defendant had one time-keeping and one wage policy that applied to all Caregivers. Defendant's time-keeping policies failed to keep track of the time that Plaintiff and the Class Members spent driving between their clients' homes and Defendant's wage policy failed to pay the Caregivers for this time. On average, it took Plaintiff anywhere from 30 minutes to 1 hour to drive between her clients' homes depending on the schedule, traffic conditions, and the clients to be seen that day. Generally, however, that amounted to an average of about 45 minutes per day in unpaid time for Plaintiff.

24. Defendant's failure to pay Plaintiff and the Class Members for all hours worked violates the minimum and overtime wage provisions of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other hourly paid persons classified as independent contractors who worked for Defendant as a Caregiver at any time three years prior to the Court conditionally certifying a collective action to the

present ("the Class Members").

26. Defendant classifies as independent contractors, records time for, and pays hourly wages to all of its Caregivers in same manner described above. Moreover, Defendant's time-keeping and wage policies are the same for all of its Caregivers. In this regard, Defendant maintains a "common pay practice or policy" and the Class Members are similarly situated to Plaintiff.

27. Defendant's domestic service employees ("Caregivers") all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, receive a different hourly wage, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similarly situated to Plaintiff.

28. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

29. Defendant possesses the names and addresses of all Class Members in its records. Plaintiff does not. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

**"All hourly paid domestic care workers (a/k/a "Caregivers") classified as independent contractors who worked for Defendant at any time three years prior to the Court certifying a collective action to the present."**

### FLSA CAUSES OF ACTION – UNPAID MINIMUM WAGE & OVERTIME WAGES

30. Plaintiff incorporates the allegations in the preceding paragraphs.

31. Defendant failed to pay Plaintiff and the Class Members appropriate minimum and overtime wages for all of the hours worked each week as required by the FLSA.

32. Plaintiff and the Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek calculated at one and one half times their regular rate of pay, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

### JURY DEMAND

33. Plaintiff hereby demands a trial by jury.

### PRAYER

Plaintiff respectfully requests that judgment be entered against awarding her and all similarly situated employees:

    a. Minimum and overtime wage compensation for *all* hours worked;

    b. An equal amount as liquidated damages;

c. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

d. Such other and further relief as may be required by law.

Respectfully submitted,

                                                  *DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC*

101 MARIETTA STREET
SUITE 2650                                */S/CHARLES R. BRIDGERS*
ATLANTA, GEORGIA 30303       CHARLES R. BRIDGERS
(404) 979-3150                         GA. BAR NO. 080791
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

                                                Ricardo J. Prieto (PHV pending)
                                                Texas Bar No. 24062947
                                                rprieto@eeoc.net
                                                Melinda Arbuckle (PHV Pending)
                                                Texas Bar No. 24080773
                                                marbuckle@eeoc.net
                                                SHELLIST LAZARZ SLOBIN LLP
                                                11 Greenway Plaza, Suite 1515
                                                Houston, TX 77046
                                                (713) 621-2277 – Telephone
                                                (713) 621-0993 – Facsimile

                                                ATTORNEYS FOR PLAINTIFF
                                                AND PUTATIVE COLLECTIVE
                                                ACTION MEMBERS